NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-24

N.L.

vs.

J.P. & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

J.P., a defendant in this summary process action, appeals from an order denying her motion for leave to file a late notice of appeal. We affirm.

The plaintiff filed this action in the Housing Court, seeking to evict the defendants from a property in Weymouth and recover damages for unpaid rent. On October 7, 2024, a Housing Court judge granted default judgment for the plaintiff because the defendants failed to appear at a scheduled summary process trial.  On the same date, J.P. filed a motion to vacate the default.  On October 31, the judge denied J.P.'s motion to vacate the default, stating that the defendants had failed to

_____

[1] D.R.

demonstrate a valid reason for failing to appear for trial and that they had not demonstrated a valid defense. "Default judgments [generally] issue at 10 A.M. on the business day following their entry, and are not subject to appeal." Adjartey v. Central Div. of Housing Court Dep't, 481 Mass. 830, 856 (2019). Due to procedural issues that prevented entering the judgment, however, the Housing Court did not enter the default judgment until November 8. On November 5, 2024, J.P filed a motion to file a "late appeal," presumably from the October 7 default; the judge denied that motion on December 12. J.P. next filed a timely notice of appeal from the December 12 order and it is that order that is before us. J.P. did not file a notice of appeal from the denial of the motion to vacate the default judgment.

We discern no abuse of discretion or error of law in the judge's denial of the motion to file a late appeal. An appeal from a default judgment is not allowed under Rule 12 of the Uniform Summary Process Rules (2004), which provides that "Any judgment in a summary process action, except a default judgment, may be appealed by an aggrieved party in accordance with the provisions of law" (emphasis added). See Adjartey, 481 Mass. at 856. Thus, even had J.P. filed a timely notice of appeal from the default judgment, it would have been a nullity. Here, J.P. properly sought to vacate the default judgment, see id. at 856

2

n. 15, though that motion is not in the record, but did not pursue an appeal from the denial of that motion.  Rather than appeal from the denial of his motion to vacate the default judgment, J.P. sought to appeal from the default judgment itself, which she may not do.[2]  Id.  Therefore, the judge did not err in denying the defendant's motion for leave to file a late appeal.

Order denying motion for
    leave to file a late appeal
    affirmed.

By the Court (Meade,
    Massing & Brennan, JJ.[3]),

*Paul Little*

Clerk

Entered:  March 4, 2026.

---

[2] If we were to consider the defendant's appeal on the merits, her argument that we should revisit the judgment because her trial attorney committed malpractice would be unavailing. Attorney negligence is not a basis for a collateral attack on a civil judgment, where a litigant's sole recourse is a separate malpractice action.  See Commonwealth v. Patton, 458 Mass. 119, 124 (2010).  Similarly, we see no basis in the record for the defendant's argument that the judge was biased against her or should have granted the defendant's motion to recuse himself. The judge denied the defendant's motion to recuse after conducting an appropriate inquiry into whether this was "a proceeding in which his impartiality might reasonably questioned" and concluding there was no basis for recusal (citation omitted).  See Demoulas v. Demoulas Super Mkts, Inc., 428 Mass. 543, 545 (1998), quoting S.J.C. Rule 3:09, Canon 3(C)(1), as appearing in 382 Mass. 811 (1981).

[3] The panelists are listed in order of seniority.

3